UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
GREENEVILLE DIVISION

| UNITED STATES OF AMERICA, | ) |
| --- | --- |
| Plaintiff, | ) |
| vs. | ) 2:20-CR-108 |
| SANTONIO LEON ROBINSON, | ) |
| Defendant. | ) |

**MEMORANDUM AND ORDER**

Defendant filed a Motion [Doc. 28] asking the Court to sever from one another Counts One and Two of the indictment [Doc. 2] against him. The Government filed a response in opposition to Defendant's request for severance. [Doc. 31]. This matter comes before the Court pursuant to 28 U.S.C. § 636 and the standing order of the District Court. For reasons stated below, Defendant's Motion to Sever [Doc. 28] is **DENIED**.

I. BACKGROUND

The indictment in this matter contains two counts against Defendant. Count One alleges that on or about May 13, 2020, Defendant, knowing that he had been previously convicted of a felony, knowingly possessed .380 caliber and .40 caliber ammunition that had been shipped and transported in interstate commerce. Count Two charges that on or about October 9, 2020, Defendant, knowing that he had been previously convicted of a felony, knowingly possessed a Smith & Wesson .40 caliber semi-automatic pistol and a Phoenix Arms .22 caliber semi-automatic pistol that had been shipped and transported in interstate commerce.

Defendant has now moved to sever from one another Counts One and Two pursuant to Fed. R. Crim. P. 14. [Doc. 28]. In support, Defendant argues that the joinder of these offenses is prejudicial for several reasons. First, Defendant suggests that joinder of these counts makes it difficult for him to testify on his own behalf as to one charge but not the other. [Doc. 28, p. 3]. Second, Defendant notes that Counts One and Two involve different objects, one being solely ammunition and the other being handguns, and further asserts the facts underlying the discovery of the ammunition and handguns are completely different. [Doc. 28, p. 4]. Additionally, Defendant notes that the caliber of the ammunition in Count One does not fully align with the type of he handguns in Count Two. As such, he contends there will be minimal overlapping witness testimony. *Id.* Finally, Defendant argues joinder of these offenses could result in the jury impermissibly using evidence of one offense as evidence of Defendant's propensity to commit the other offense, with propensity evidence being inadmissible under Federal Rule of Evidence 404(b). *Id.*

The Government responds that the Court, in its discretion, should deny Defendant's request. [Doc. 31]. In support of its position, the Government contends that the evidence at trial will show criminal acts of the same or similar character making joinder appropriate pursuant to Rule 8(a) of the Federal Rules of Criminal Procedure. It notes that both counts arose within a five-month period of one another in 2020 and resulted from investigations of two shootings in which Defendant was a suspect. [Doc. 31, p. 1]. The Government further notes that Defendant possessed .40 caliber ammunition in the incident leading to Count One and a .40 caliber handgun in the incident leading to Count Two. *Id.* Finally, the United States asserts that Defendant has not shown sufficient prejudice to justify severance and asks the Court to employ lesser remedial actions, such as jury instructions, to address Defendant's concerns.

## II. LAW AND ANALYSIS

Joinder of counts is appropriate where offenses "are of the same or similar character, or are based on the same act or transaction, or connected with or constitute part of a common scheme or plan." Fed. R. Crim. P. 8(a). The purpose of joinder is "to promote economy and efficiency and to avoid a multiplicity of trials, where these objectives can be achieved without substantial prejudice to the right of the defendants to a fair trial." *Bruton v. United States*, 391 U.S. 123, 131 n. 6 (1968) (quoting *Daley v. United States*, 231 F.2d 123, 124 (1st Cir. 1956)); *see also Thomas v. United States*, 849 F.3d 669, 676 (6th Cir. 2017). The decision of whether to permit joinder or severance of counts falls within the trial court's sound discretion. *United States v. Long*, 190 F.3d 471, 476 (6th Cir. 1999). The Sixth Circuit Court of Appeals has held that Rule 8 should be construed in favor of joinder; however, "it is also true that failure to meet the requirements of [Rule 8] constitutes misjoinder as a matter of law." *United States v. Cody*, 498 F.3d 582, 586 (6th Cir. 2007) (quoting *United States v. Chavis*, 296 F.3d 450, 456 (6th Cir. 2002)) (quotation marks omitted). As such, "[i]f the requirements of Rule 8 are not met, "the district court has no discretion on the question of severance." *Id.* (quoting *Chavis*, 296 F.3d at 456 (6th Cir. 2002)) (quotation marks omitted). Whether joinder is proper under Rule 8 must be determined based upon "the allegations on the face of the indictment." *United States v. Deitz*, 577 F.3d 672, 691 (6th Cir. 2009).

Additionally, even if the requirements of Rule 8 are met, the court may, pursuant to the authority of Rule 14 of the Federal Rules of Criminal Procedure, order separate trials of different counts when joinder would result in prejudice to a party. *Id.* "To prevail on a request for severance the defendant must show compelling, specific, and actual prejudice." *Thomas*, 849 F.3d at 675 (citing *United States v. Driver*, 535 F.3d 424, 427 (6th Cir. 2008)). Such prejudice exists in cases where "the jury would be unable to keep the evidence from each offense separate and unable to

render a fair and impartial verdict on each offense." *United States v. Rox*, 692 F. 2d 453 (6th Cir. 1982); *see also Thomas*, 849 F.3d at 675. That does not mean that every concern raised about jury confusion will merit severance of counts. The Sixth Circuit starts with the presumption that juries can sift through evidence and consider each count separately. *United States v. Carver*, 470 F.3d 220, 238 (6th Cir. 2006). Additionally, courts often use limiting instructions to protect defendants from prejudice. *United States v. Cope*, 312 F.3d 757, 781 (6th Cir. 2002).

### a. Rule 8 Requirements

The Court must first determine whether joinder of Counts One and Two is proper under Rule 8 based upon the allegations on the face of the indictment. *Deitz*, 577 F.3d at 691. Rule 8(a) permits an indictment to charge a defendant in separate counts with two or more offenses if the charged offenses are (1) of the same or similar character; (2) based on the same act or transaction; or (3) are connected with or constitute parts of a common scheme or plan. Fed. R. Crim. P. 8(a). Rule 8 does not require offenses that are of the same or similar character to also be based on the same act or transaction or part of a common scheme for joinder to be proper. *See Chavis*, 296 F.3d at 460-61. ("[J]oinder of offenses that are 'of the same or similar character' but unrelated…is explicitly permitted under Rule 8(a).").

Here, both counts of the indictment charge violations of the same statute, 18 U.S.C. § 922(g)(1). While the counts do allege the possession of different items, one count alleges possession of ammunition and the other alleges possession of firearms, the items are closely related. Additionally, the caliber of one type of ammunition possessed by Defendant in Count One is the same as the handgun possessed in Count Two. Moreover, both counts arise from investigations of Defendant as a possible gunman in two separate shootings. The related nature of the items and the nature of the investigations leading to these counts when coupled with the fact

that both charges constitute violations of the same statute is sufficient to support a determination that the offenses are of a similar character; therefore, joinder is proper under Rule 8.

### b. Rule 14 Criteria for Severance

The Court now turns to the question of whether joinder of these counts will result in prejudice to Defendant. "The burden of showing prejudice is very heavy." *Deitz*, 577 F.3d at 693 (citing *Goldsby v. United States*, 152 F. App'x 431, 439 (6th Cir. 2005)). While Defendant asserts that joinder of these charges may impact his ability to testify in his own defense, his primary argument in support of severance is that because the facts underlying each charge are different it is assumed that there would be little overlapping evidence resulting in "a risk that the jury could impermissibly use evidence of one offense as evidence of a defendant's propensity to commit the other crime." [Doc. 28, p. 4]. However, Defendant cites no authority to demonstrate that this possibility is sufficient to meet the "heavy burden" of prejudice required to warrant severance. *See, e.g.*, *United States v. Willis,* 232 F. App'x 527 (6th Cir. 2007) (holding that trial court did not err in refusing to sever counts relating to seven different robberies over a one-year period.). As stated above, there is an initial presumption that the jury can sort through the evidence and consider each count separately. *Carver*, 470 F.3d at 238. Additionally, the Sixth Circuit has further held that any prejudice caused by the joinder of multiple counts may be cured by issuing a limiting instruction to the jury. *Cope*, 312 F.3d at 781; *see also Chavis*, 296 F.3d at 462 (6th Cir. 2002) ("limiting instructions can…minimize the danger of prejudice resulting from improper joinder of offenses…particularly where it would not have been difficult for the jury to compartmentalize and distinguish the evidence concerning the different offenses charged."). Additionally, any potential jury confusion "must be balanced against society's need for speedy and efficient trials." *United States v. Gallo*, 763 F.2d 1504, 1525 (6th Cir. 1985).

Here, Defendant has failed to show he will suffer any specific prejudice if Counts One and Two of the indictment are tried together. Defendant's Motion provides no explanation as to why the circumstances of this case render the use of a jury instruction ineffective for directing the jury on how to consider the evidence presented at trial. Defendant states that the facts underlying each of the charged offense are separate and distinct which, actually, weighs against severance because it indicates it will not be difficult for the jury to "compartmentalize and distinguish the evidence concerning the different offenses charged." *Chavis*, 296 F.3d at 462 (6th Cir. 2002). Additionally, despite arguing that there is a lack of overlapping evidence, Defendant's Motion presumes that there will be at least two overlapping witnesses which is not insignificant. Trying the offenses together will result in a faster and more efficient judicial process.

## III. CONCLUSION

For reasons stated herein, the Court finds that Defendant has not met the heavy burden of showing that he will suffer compelling, specific, and actual prejudice if Counts One and Two of the indictment are not severed. *See Thomas,* 849 F.3d at 676 (citing *United States v. Fields,* 763 F.3d 443, 457 (6th Cir. 2014)) ("A spillover of evidence between counts does not require severance unless there is 'substantial,' 'undue,' or 'compelling' prejudice."). While there is some risk that the jury may consider evidence of one offense as evidence of Defendant's propensity to commit the other offense, such risk can be mitigated by an instruction to the jury. Accordingly, the Motion to Sever [Doc. 28] is **DENIED**.

SO ORDERED:

s/ Cynthia Richardson Wyrick
United States Magistrate Judge